IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE COSTON, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 06-0160-WS-M** |
| | ) |
| WILLIAM E. WRIGHT, et al., | ) |
| | ) |
|     **Defendants** | ) |

**ORDER**

    This matter is before the Court on the plaintiff's motion to remand. (Doc. 6). The removing defendants have responded, (Doc. 13), and the motion is ripe for resolution.[1] After carefully considering the foregoing, and other relevant material in the file, the Court concludes that the motion to remand is due to be granted.

    Congress has specified that "[a] defendant or defendants desiring to remove any civil action ... shall file in the district court ... a notice of removal ...." 28 U.S.C. § 1446(a). Although this language does not expressly contemplate that removal be agreed to by all defendants, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).[2]

    The complaint names three defendants: William E. Wright and Gustin, Cothern & Tucker, Inc., who removed this action, and Sagamore Insurance Company ("Sagamore"), who did not join in or consent to removal. The file reflects that Sagamore was served with process on February 21, 2006. (Doc. 10, Exhibit 1). To satisfy the unanimity requirement, Sagamore was therefore required to join in or consent to removal. The removing defendants dispute neither the

---

[1] The Court's briefing schedule allowed the plaintiff the opportunity to file a reply brief. (Doc. 9). Because, as discussed in text, the plaintiff plainly is entitled to remand, the Court addresses the motion without awaiting the plaintiff's reply.

[2] *Accord In re: Federal Savings & Loan Insurance Corp.*, 837 F.2d 432, 434 n.2 (11th Cir. 1988); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970).

law nor the fact and timing of service on Sagamore. (Doc. 13 at 3, ¶ 5). They suggest instead that perhaps Sagamore has not retained legal counsel. This may or may not be so, but it has nothing to do with whether Sagamore was required to join in or consent to removal. It was incumbent upon the removing defendants to contact Sagamore and solicit its cooperation in obtaining removal within 30 days of service. Having failed to do so, they cannot maintain a federal forum in the face of the plaintiff's timely objection.

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Monroe County.

DONE and ORDERED this 26th day of April, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE